C. E. Russell Wellington City Attorney City Administration Center 317 South Washington Wellington, Kansas 67152
Dear Mr. Russell:
As attorney for the city of Wellington, a city of the second class, you request our opinion whether the city may use its home rule power to charter out of K.S.A. 14-604 which provides for the election by the voters of a board of trustees of a city owned hospital, and K.S.A. 14-605
which prescribes the board's powers and duties. You indicate that the city council is considering appointing board members and may want to change the board's duties and powers that are found at K.S.A. 14-605.
A charter ordinance is an ordinance which exempts a city from the whole or any part of an enactment of the legislature and the city may provide substitute and additional provisions on the same subject. Kan. Const., art. 12, sec. 5(c)(2). However, a city may not enact a charter ordinance if the legislative enactment is applicable uniformly to all cities. Kan. Const., art. 12, sec. 5(c)(1). Therefore, Wellington can charter out of K.S.A. 14-604 and K.S.A. 14-605 if those provisions are not applicable uniformly to all cities.
K.S.A. 14-604 and 14-605 are part of article 6, chapter 14 which applies only to hospitals established by cities of the second class and within the article are numerous provisions that only apply to cities of the second class falling within certain population parameters. (See
K.S.A. 14-633, 14-641, 14-644, 14-655, 14-662, 14-669, 14-678, 14-685). In order for a statute to be uniformly applicable to all cities, there must be no exceptions. Claflin v. Walsh, 212 Kan. 1 (1973). While many of these exceptions were enacted at different times, they may be read inpari materia and should be construed together in other to determine whether the legislature intended to enact legislation uniformly applicable to all cities. Claflin at p. 8. Clearly, there is no such intent in light of the fact that the article only applies to cities of the second class and contains numerous exceptions. Therefore, it is our opinion that the city of Wellington can charter out of K.S.A. 14-604 and14-605 and provide substitute and additional provisions. Of course, the city will have to follow the procedure set forth in article 12, section 5 relating to adoption and publication of the charter ordinance with the possibility of a referendum and election.
Assuming the charter ordinance passes, you request our opinion concerning the status of the present elected officer holders should the council decide not to appoint them. Specifically, you inquire whether the incumbents have a property interest in the office which might trigger the due process clause of the fourteenth amendment to the united states constitution and section 1 of the Kansas bill of rights which prohibit the deprivation of property without due process of law. Perry v.Sinderman, 408 U.S. 593, 33 L.Ed.2d 570, 92 S.Ct. 2694 (1972). The interest in this situation is the right to hold public office.
Membership on the board of trustees is a public office because the position is created by law with duties which involve an exercise of a portion of the sovereign power and in the performance of which the public is concerned. Durflinger v. Artiles, 234 Kan. 484 (1983). Public offices ordinarily are not regarded as incorporeal hereditaments and, in general, a public office is not considered as private property or a property right of the incumbent. Miller v. Ottawa County Comm'rs,146 Kan. 481 (1937), Goodrich v. Mitchell, 68 Kan. 765 (1904),67 C.J.S.Officers sec. 11, 63A Am.Jur.2d Public Officers sec. 10. Consequently, an incumbent to a public office enjoys no property or vested interest in public office. Leek v. Theis, 217 Kan. 784, 811 (1975). Absent any express constitutional limitations, which are not applicable here, a legislative body has the power to abolish an office of its creation or to modify the terms of the office in the public interest even though the effect may be to curtail an incumbent, s unexpired term. 63A Am.Jur.2dPublic Officers sec. 35.
It is our opinion that the present members of the board of trustees have no property interest in their positions under these circumstances which would require that due process be given prior to their removal from office should the mayor or council choose not to appoint them.
In short, the city may charter out of K.S.A. 14-604 and 14-605 because those provisions are not uniformly applicable to all cities. Furthermore, assuming a charter ordinance is enacted which provides for the appointment of members of the board of trustees by the mayor or council, the present members who were elected by the citizens have no property right in the office they hold, and, consequently, the due process provisions of the fourteenth amendment and the Kansas bill of rights do not apply.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
MF:jm